UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON A. KEMP | CIVIL ACTION NO. 03-1633 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| ALBERTO GONZALES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment, doc. #33, filed by AKAL Security, Inc., claiming plaintiff has no ADA claim.

This is a suit by a federal court "Court Security Officer" (CSO) alleging discrimination based on disability against the U. S. Marshal Service, (USMS) and AKAL Security, Inc. (AKAL), a company which has contracted with the Marshal Service to provide security at federal courthouses. The suit alleges, as to the Marshal Service, a violation of the Rehabilitation Act, 29 U.S.C. 701 et seq., and as to AKAL, asserts a violation of The Americans With Disabilities Act, (ADA), 42 U.S.C. 12101 et seq.[1]

Kemp alleges that he wears a hearing aid to assist him in hearing, a fact AKAL knew when it hired him. However, he claims that when he was required to undergo a physical examination in connection with his employment, he was not allowed to wear the hearing aid device and thus failed to pass the test and was terminated by AKAL.

---

[1] Plaintiff concedes in brief that the Rehabilitation Act claims asserted in his complaint are asserted only against the government, and not against AKAL.

AKAL has filed this motion for summary judgment and the Marshal Service has filed a motion to dismiss which will be considered in a separate Report and Recommendation.

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set

forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment

should be denied. <u>Little</u>, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." <u>Celotex</u> at 2553.

### The Americans With Disabilities Act

The ADA prohibits employment discrimination against persons with disabilities. To prevail on an ADA claim, a plaintiff must prove that (1) he has a "disability," (2) he is "qualified" for the position in which he seeks employment, and (3) he was "discriminated" against because of his disability. <u>Gonzales v. City of New Braunfels, Texas</u>, 176 F.3d 834, 836 (5th Cir.1999). "Disability" is defined in the statute as "a physical or mental impairment that substantially limits one or more of the major life

4

activities of such individual." 42 U.S.C. § 12112(a). The plaintiff can establish that he has a disability in one of three ways:

> (1) by showing that he has a mental or physical impairment that substantially limits him in a major life activity;
>
> (2) by showing a record of such an impairment; or
>
> (3) by showing that he is regarded as having such an impairment.

See 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). If plaintiff establishes that he is an otherwise qualified individual with a disability, "discrimination" under the statute includes not making reasonable accommodations for his known physical limitations. Allen v. Rapides Parish School Bd., 204 F.3d 619, 620-22 (5th Cir. 2000) (citing 42 U.S.C. § 12112(b)(5)(A)).

## Analysis

Plaintiff admits that he is a plaintiff in International Union, et al v. Benigno G. Reyna, docket number 02-1484 on the docket of the District of Columbia District Court. Kemp has asserted an ADA claim against AKAL in that suit, according to the memorandum opinion of the district judge dated September 11, 2006, doc. #190 (attached to doc. #34 in the instant case). Under the "first to file rule", when two related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. Cadle, Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The

D.C. case was filed July 26, 2002. The instant suit was filed August 29, 2003 and thus is the last filed. The first to file rule is grounded in principles of comity and sound judicial administration. We should exercise care to avoid interfering with the D.C. court's affairs Dillard v. Merrill Lynch, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992). The issues here as to the ADA can and should be resolved in the D.C. case.

For these reasons, the motion for summary judgment should be pretermitted and this court should refuse to hear the issues presented at this time. IT IS RECOMMENDED THAT the Motion for Summary Judgment, doc. #33, be PRETERMITTED and that this court refuse to hear the ADA claims asserted by plaintiff against AKAL.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN**

**(10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of November, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE