UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON A. KEMP | CIVIL ACTION NO. 03-1633 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| ALBERTO GONZALES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss, doc. #34, filed by Alberto Gonzales, then Attorney General, to dismiss the claims of the plaintiff for failure to exhaust administrative remedies.

This is a suit by a federal court "Court Security Officer" (CSO) alleging discrimination based on disability against the U. S. Marshal Service, (USMS)[1] and AKAL Security, Inc. (AKAL), a company which has contracted with the Marshal Service to provide security at federal courthouses. The suit alleges, as to the Marshal Service, a violation of the Rehabilitation Act, 29 U.S.C. 701 et seq., and as to AKAL, asserts a violation of The Americans With Disabilities Act, (ADA), 42 U.S.C. 12101 et seq.[2]

Kemp alleges that he wears a hearing aid to assist him in

---

[1] The USMS may be considered a "joint employer", but that issue is not before the court now and no evidence has been submitted as to the control of the USMS as to the employment of the plaintiff.

[2] Plaintiff is also a party in <u>International Union, et al v. Benigno G. Reyna</u>, docket number 02-1484 on the docket of the District of Columbia District Court. However, that court has ruled that plaintiff has not asserted a Rehabilitation Act claim against the USMS in that case. See Order attached to government's letter-brief dated October 24, 2007 filed in the instant case. Therefore, unlike the ADA claim asserted by plaintiff against AKAL, there is no impediment to this court retaining jurisdiction and considering plaintiff's Rehabilitation Act claims against the USMS.

hearing, a fact AKAL knew when it hired him. However, he claims that when he was required to undergo a physical examination in connection with his employment, he was not allowed to wear the hearing aid device and thus failed to pass the test and was terminated by AKAL.

The Marshal Service has filed this motion to dismiss, claiming that Kemp failed to exhaust his administrative remedies, and AKAL has filed a motion for summary judgment, which will be considered in a separate Report and Recommendation.

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm

Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

### Analysis

The government argues that Kemp was medically disqualified due to his hearing from his position on July 3, 2001. It argues that, as a first step in a Rehabilitation Act claim, a claimant must contact an EEO (Equal Employment Opportunity) counselor within 45 days of the unlawful employment action. 29 C.F.R. 1614.105(a)(1). Then the agency has 30 days to have a counselor meet with the claimant concerning the alleged violation. Only then may a formal

complaint be filed with the EEOC and an investigation completed within 180 days. Suit may then be filed.

The government argues that the exhaustion of administrative remedies is a condition precedent to finding a waiver of sovereign immunity, citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94 (1990).

The Marshal Service points out that Kemp has admitted in his complaint and in his deposition that he did not timely initiate the administrative process, instead waiting until July 2, 2002, almost a year later, to do so. The government suggests that a complaint should have been filed within 45 days of July 3, 2001, or August 18, 2001.

Plaintiff claims that immediately after being notified of his termination, he appealed on July 18, 2001, claiming discrimination in violation of the disability laws. The appeal was forwarded to the U.S. Marshal Service by plaintiff and by AKAL. Kemp claims he was never told he needed to file other papers or do anything further. Kemp claims he made numerous and repeated inquiries to the USMS and the EEOC and his Senators concerning the status of his claim.

Kemp claims that he was never told of his right to file an EEO claim until April 5, 2001, and was told on April 12th by AKAL that the appeal must have been denied, since there had been no response from the USMS.

Kemp suggests that he did not fail to exhaust administrative remedies since he filed an appeal with AKAL and with the USMS. He also claims that the doctrines of estoppel or equitable tolling should apply since he was never told of the procedure for filing a claim and requesting counseling with the EEOC. He also argues that, while exhaustion may be jurisdictional (Irwin, supra), the time limits are not, citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Plaintiff also points out that the 5th Circuit has recognized that administrative deadlines are subject to estoppel or equitable tolling. Hood v. Sears Roebuck and Co., 168 F.3d 231, 232 (5th Cir. 1999).

The Code of Federal Regulations requires, in 29 C.F.R. 1614.101 et seq. that the agency involved notify employees of the complaint process and make available alternative dispute resolution. In addition, the regulations require that the agency publicize the names and addresses and telephone numbers of EEO counselors (§1614.102(b)(7)). Section 1614.105 requires that where an employee shows that he was not notified of his rights, an extension of the 45 day deadline should be granted by the agency.

The USMS has provided to the court the affidavit of David Murphy, lead CSO at the Monroe Louisiana courthouse where Kemp worked. The declaration states that there was a poster explaining the EEO process in the CSO's office where Kemp should have seen it.

In this case the facts are not so clear that a motion to

5

dismiss is appropriate. While the motion could be converted to one for summary judgment with the court considering evidence of the issue presented, here the evidence presented to the court for its consideration does not definitively prove, one way or the other, whether plaintiff should be held to have exhausted, i. e., whether plaintiff knew or should have known of the procedures because of the alleged poster in the office.

For these reasons, the motion to dismiss should be denied.[3] IT IS RECOMMENDED THAT the Motion to Dismiss, doc. # 34 be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

---

[3] If the court were to convert the motion to one for summary judgment, and consider the motion on the merits based on   the submitted evidence, the motion would still be denied based on the fact that there exist genuine issues of material fact. FRCP56.

**TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of November, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE