UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON A. KEMP | CIVIL ACTION NO. 03-1633 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| ALBERTO GONZALES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment, doc. #33, filed by AKAL Security, Inc., claiming plaintiff has no ADA claim.

This is a suit by a federal court "Court Security Officer" (CSO) alleging discrimination based on disability against the U. S. Marshal Service, (USMS) and AKAL Security, Inc. (AKAL), a company which has contracted with the Marshal Service to provide security at federal courthouses. The suit alleges, as to the Marshal Service, a violation of the Rehabilitation Act, 29 U.S.C. 701 et seq., and as to AKAL, asserts a violation of The Americans With Disabilities Act, (ADA), 42 U.S.C. 12101 et seq.[1]

Kemp alleges that he wears a hearing aid to assist him in hearing, a fact AKAL knew when it hired him. However, he claims that when he was required to undergo a physical examination by the USMS in connection with his employment, he was not allowed to wear the hearing aid device and thus failed to pass the test and was terminated by AKAL.

---

[1] Plaintiff concedes in brief that the Rehabilitation Act claims asserted in his complaint are asserted only against the government, and not against AKAL.

AKAL has filed this motion for summary judgment asserting that Kemp is not disabled under the ADA.

## The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving

party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett,</u> 106 S.Ct. 2548 at 2552; <u>International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc</u>., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. <u>Little v. Liquid Air Corporation</u>, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Izen v. Catalina</u> 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

## The Americans With Disabilities Act

The ADA prohibits employment discrimination against persons with disabilities. To prevail on an ADA claim, a plaintiff must prove that (1) he has a "disability," (2) he is "qualified" for the position in which he seeks employment, and (3) he was "discriminated" against because of his disability. Gonzales v. City of New Braunfels, Texas, 176 F.3d 834, 836 (5th Cir.1999). "Disability" is defined in the statute as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12112(a). The

plaintiff can establish that he has a disability in one of three ways:

>    (1) by showing that he has a mental or physical impairment that substantially
>        limits him in a major life activity;
>
>    (2) by showing a record of such an impairment; or
>
>    (3) by showing that he is regarded as having such an impairment.

See 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). If plaintiff establishes that he is an otherwise qualified individual with a disability, "discrimination" under the statute includes not making reasonable accommodations for his known physical limitations. Allen v. Rapides Parish School Bd., 204 F.3d 619, 620-22 (5th Cir. 2000) (citing 42 U.S.C. § 12112(b)(5)(A)).

## Analysis

Defendant, AKAL, first argues that plaintiff is not disabled, in that he does not have an actual disability or record of disability and is not regarded as having been disabled.

1. Actual Disability

"[I]t is axiomatic that '[a] physical impairment,' standing alone, is not necessarily a disability as contemplated by the ADA." Deas v. River West, L.P., 152 F.3d 471, 479 (5th Cir. 1998). Rather, a plaintiff is required to show that the physical impairment substantially limits him in one or more major life activities. *Id.* "Major life activities" means functions such as caring for oneself, performing manual tasks, walking, seeing,

5

hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(I); see also <u>Bridges v. City of Bossier</u>, 92 F.3d 329, 332 (5th Cir. 1996). The list is not exhaustive.

Defendant argues that Kemp has an impairment but that it is not "substantially limiting". It suggests that Kemp's "hearing impairment is not substantially limiting [when considered] in its mitigated state". In support of its assertion, defendant, Akal, relies on two Supreme Court decisions: <u>Sutton v. United Airlines, Inc.</u>, 119 S. Ct. 2139 (1999), and <u>Murphy v. United Parcel Service, Inc.</u>, 119 S. Ct. 2133 (1999).

Plaintiff, on the other hand, asserts that he was not allowed to wear his mitigating device, a hearing aid, when the Marshal Service tested him. His attorney suggests that:

> "Sutton does not exempt from liability an employer that bans the use of a corrective device as a sword to justify discrimination, and then argues the benefits of such a device as a shield from liability when the discrimination is brought to light."

Despite plaintiff's compelling argument, the Supreme Court has spoken and <u>Sutton</u> and <u>Murphy</u> govern our decision. Those cases make clear that the determination whether a person is disabled is made considering the mitigating measures he employs, in this case a hearing aid. It is clear in this case, that, when Mr. Kemp uses his hearing aid, he is not limited in a major life activity including

6

hearing or work. In this case, Mr. Kemp did not meet the physical requirements for the job, i. e. that he pass the hearing test without using a hearing aid. As the Supreme Court held in Sutton, "[c]reating physical criteria for a job, without more, does not violate the ADA."

Therefore, even though plaintiff was not allowed to use his hearing aid during testing, he is, based on this Supreme Court precedent, not disabled since, when he does use it, he is not limited in a major life activity.

2. Record of Disability or Regarded as Disabled.

Defendant argues that, in addition, Kemp did not have a record of disability and was not regarded as having been disabled. There is no evidence that Mr. Kemp has a record of disability. Similarly, there is no evidence that Akal considered him to be disabled. Indeed, the evidence shows that Akal did not think Mr. Kemp was disabled and did everything it could to assist him in overturning the adverse finding by the Marshal Service. Akal terminated Kemp's employment not because of a disability, real or perceived, but because he was not qualified for the job based on the USMS requirements and testing.

Is plaintiff qualified for the job?

As is apparent from the discussion above, plaintiff is not qualified for the job of CSO because he did not meet the hearing test requirements set forth by the USMS.

5. <u>Louisiana's Anti-discrimination statutes</u>.

Because Louisiana's discrimination statutes are interpreted according to federal jurisprudence on the federal discrimination statutes, <u>Thomas v. Louisiana Casino Cruises, Inc.</u>, 886 So.2d 468 (1st C. 2004),for the reasons stated above, the result as to the motion as to the state discrimination claims is the same.

6. <u>Negligence and intentional infliction under Louisiana law</u>

Defendant argues that, to the extent that plaintiff is claiming negligence, those claims are precluded by the exclusive remedy provisions of Louisiana's workers compensation laws. However, a review of the complaint does not reveal any claims of negligence. To the extent that plaintiff is claiming intentional infliction of emotional distress, there is no evidence in the record to support such claims.

<u>Plaintiff's Constitutional claims</u>.

Plaintiff has conceded that his due process claims are not properly asserted against Akal. The same is true for his equal protection claims.

**RECOMMENDATION**

For these reasons, the motion for summary judgment should be GRANTED. IT IS RECOMMENDED THAT the Motion for Summary Judgment, doc. #33, be GRANTED.

8

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 8th day of October, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE