
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 03 2009

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON A. KEMP | CIVIL ACTION NO. 03-1633 |
| -vs- | JUDGE DRELL |
| JOHN ASHCROFT, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Defendant United States' Motion for Summary Judgment (Doc. 91). Defendant seeks summary judgment on all claims in Plaintiff's complaint. Plaintiff worked as a federal court security officer (CSO) employed by Akal Security Company. Akal, at one time a defendant in this action, was under contract with the United States Marshals Service (USMS) to provide CSOs for federal courts in the Fifth Circuit. Akal hired Plaintiff in December 2000, and he began working as a CSO in some capacity in February 2000. In April 2001, Plaintiff, who wore an electronic hearing aid, failed a required physical examination when he was not permitted to wear his hearing aid for the hearing portion of the examination. Plaintiff was terminated when the results of the examination were reviewed by the USMS. He alleges that this violated the Rehabilitation Act and the Americans with Disabilities Act and sued the United States Attorney General and Akal.[1]

---

[1] Akal was dismissed as a defendant after we granted its motion for summary judgment on the same grounds as Defendant's motion. (Doc. 85, judgment adopting magistrate's report and recommendation.)

## I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23 (1986)). All inferences are to be drawn in the light most favorable to the nonmovant. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970 (5th Cir. 1992).

## II. Analysis

As the same standards[2] apply to a claim for employment discrimination under either the Rehabilitation Act of 1973 or the Americans with Disabilities Act of 1990, only

---

[2] *See* 29 U.S.C. § 794(d) (2002) ("The standards used to determine whether [the Rehabilitation Act] has been violated in a complaint alleging employment discrimination . . . shall be the standards applied under title I of the Americans with Disabilities Act of 1990 . . . as [it] relate[s] to employment.") (internal citations omitted); *accord McKay v. Johanns*, 265 Fed. App'x 267, 269 (5th Cir. 2008). All references to the ADA apply with equal force to Plaintiff's Rehabilitation Act claims.

a single analysis of Defendant's arguments for summary judgment is necessary. Defendant challenges Plaintiff's threshold claim that he is "disabled" within the meaning of the Rehabilitation Act. A "disability" is defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment."

42 U.S.C. § 12102(1)(A)–(C) (2006) (ADA definition). "Accordingly, to fall within this definition one must have an actual disability (subsection (A)), have a record of a disability (subsection (B)), or be regarded as having one (subsection (C))." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 478 (1999). Discrimination "against a qualified individual on the basis of disability" in the context of employment is a violation of the ADA and Rehabilitation Act. 42 U.S.C. § 12112(a) (2006); *see also* 29 U.S.C. § 794 (2006).

Defendant attacks Plaintiff's claim of actual disability. In *Sutton*[3] the Supreme Court held that, "[l]ooking at the Act as a whole, it is apparent that if a person is taking

---

[3] In his opposition Plaintiff urges that this holding of *Sutton* should have no effect on our determination owing to the recent amendments to the ADA that went into effect January 1, 2009. Pub. L. No. 110-325, 122 Stat. 3553 (2008). These amendments expressly reject certain Supreme Court decisions, particularly *Sutton*'s holding which, according to Congress, "narrowed the broad scope of protection intended to be afforded by the ADA, thus eliminating protection for many individuals whom Congress intended to protect." Yet *Sutton* remains the rule for purposes of assessing the allegedly wrongful conduct at issue in this case:

> Congress recently enacted the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008), but these changes do not apply retroactively. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 (1994) ("Even when Congress intends to supersede a rule of law embodied in one of our decisions with what it views as a better rule established in earlier decisions, its intent to reach conduct preceding the 'corrective' amendment must clearly appear.").

*EEOC v. Agro Distrib'n, LLC*, No. 07-60447, 2009 WL 95259, at *8 n.8 (5th Cir. Jan. 15, 2009).

measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act." 527 U.S. at 482-83 (noting that the opposing approach "would often require courts and employers to speculate about a person's condition and would, in many cases, force them to make a disability determination based on general information about how an uncorrected impairment usually affects individuals, rather than on the individual's actual condition"). Here, Plaintiff's hearing is not "substantially limiting" when it is corrected or mitigated by his electronic hearing aid. Yet, the physical examination required by his employer and the USMS required that he be examined without the use of a hearing aid. Such a requirement is within the scope of the ADA or Rehabilitation Act. As the Court noted in *Sutton*:

> By its terms, the ADA allows employers to prefer some physical attributes over others and to establish physical criteria. An employer runs afoul of the ADA when it makes an employment decision based on a physical or mental impairment, real or imagined, that is regarded as substantially limiting a major life activity. Accordingly, an employer is free to decide that physical characteristics or medical conditions that do not rise to the level of an impairment—such as one's height, build, or singing voice—are preferable to others, just as it is free to decide that some limiting, but not substantially limiting, impairments make individuals less than ideally suited for a job.

*Id.* at 490-91. Because Plaintiff was not substantially limited in a major life activity while wearing his mitigation device, a hearing aid, he is not disabled within the protections of the Rehabilitation Act or Americans with Disabilities Act.

Additionally, Defendant argues that there is no evidence of a "record of" an "impairment that substantially limits one or more of the major life activities." *See* 42

4

U.S.C. § 12102(1)(B) (2006). We agree, and Plaintiff does not call to our attention any such evidence. Finally, Defendant argues that Plaintiff was not "regarded as" having an "impairment that substantially limits one or more of the major life activities" by the USMS sufficient to bring him under the ADA definition of disabled. *See* 42 U.S.C. § 12102(1)(C) (2006). As the Supreme Court explained in *Sutton*:

> There are two apparent ways in which individuals may fall within this statutory definition: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual—it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. These misperceptions often "resul[t] from stereotypic assumptions not truly indicative of . . . individual ability."

527 U.S. at 489 (citations omitted). Plaintiff was not terminated because of any misperceived impairment. He was terminated because he was not qualified to work as a CSO based on the requirements established by the USMS. There is no evidence that Plaintiff was "regarded as" impaired in any way.[4]

---

[4] Defendant recently filed a Motion for Leave to file supplemental briefing on its Motion for Summary Judgment directing our attention to another CSO-versus-Akal case decided on "business necessity" grounds in the United States Court of Appeals for the Eleventh Circuit. (Doc. 104.) Because of the foregoing grant of summary judgment on other grounds, Defendant's Motion for Leave will be denied as moot.

## III. Conclusion

Because Plaintiff has not met his prima facie obligation to show that he was "disabled" under either the ADA or Rehabilitation Act, Defendant's Motion for Summary Judgment (Doc. 91) will be GRANTED. Defendant's Motion for Leave (Doc. 104) will be DENIED.

SIGNED on this 3rd day of March, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE